Date signed February 23, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| In Re: | Case No. 04-29888PM |
|---|---|
| **Jacob Camacho,** | |
| | **Chapter 7** |
| Debtor. | |

### MEMORANDUM OF DECISION

This case is before the court on the First and Final Application for Compensation and Reimbursement of Expenses of James M. Hoffman and Shulman, Rogers, Gandal, Pordy & Ecker, P.A. as General Counsel to Scott D. Field, Chapter 7 Trustee ("the Fee Application"). There were no objections filed, and in light of the United States Trustee's endorsement of the Chapter 7 Trustee's Final Report and Proposed Distribution, the court will allow the fees and expenses requested subject to the conditions set forth herein.

This chapter 7 case was filed on August 26, 2004. Scott D. Field was appointed the Chapter 7 Trustee. In October 2004, the case was designated an asset case and authorization to employ James M. Hoffman and Shulman, Rogers, Gandal, Pordy & Ecker, P.A. ("the Applicant") as general counsel for the Chapter 7 Trustee was sought. In December 2004, an adversary proceeding was commenced wherein the Chapter 7 Trustee sought to avoid an alleged fraudulent conveyance of real property. The adversary proceeding settled in October 2005, resulting in recovery to the estate of $42,500.00. The Chapter 7 Trustee proposed distributions for general unsecured creditors totaling $8,078.90 and for his counsel, the Applicant, totaling $34,603.07. The general unsecured claims filed in this case totaled $29,884.33, resulting in a 27.03390% return.

The Chapter 7 Trustee is of counsel to Shulman, Rogers, Gandal, Pordy & Ecker, P.A. Much is made of the fact that he requested no compensation for total disbursements to be made by him of $42,703.97, inasmuch as he gave up the right under 11 U.S.C. § 326(a) to file a petition for compensation not exceeding $5,020.40.  The court is not impressed by this, because the fact is that the court would look long and hard at the Chapter 7 Trustee were he to seek, in the circumstances of this case, compensation for writing a check to his own law firm, the proposed receipt of nearly 73% of the proceeds of this estate.

The Fee Application was filed in January 2007, after a "reduction" of $2,000.00, the Applicant seeks $29,857.00 and the reimbursement of expenses totaling $4,746.07.  With respect to the fees sought, the court's impression, after review of the statements, is that the case was overworked.  However, hindsight is 20/20.  The court is particularly concerned with the expenses charged.  The statement reflects an unexplained "Miscellaneous" charge of $305.12 and a "Witness Fee" of $1,615.78 to which no application for approval of compensation was filed.   When questioned about the "Witness Fee" expense at the hearing held on February 22, 2007, the Applicant responded that an application could be filed seeking payment of that item, but at an additional expense to the estate.  The court perceives the Applicant's response as a threat.  An application should have been filed.

In view of the United States Trustee's review of this case and the absence of objections by any of the creditors filing claims, the court will allow the Fee Application.  Approval, however, is subject to the filing of an explanation of the "Miscellaneous" expense charge of $305.12 and the filing of an application for approval of compensation to an expert witness Jeffrey Greenblatt.

An appropriate order will be entered.

cc:    Jacob Camacho
       11412 Brundidge Terrace
       Germantown, MD 20876

       Leonard Tober
       Suzanne Patrice Delaney
       Weinstock, Friedman & Friedman, P.A.
       4 Reservoir Circle
       Baltimore, MD 21208

       Scott D. Field

11921 Rockville Pike, 3rd Floor
Rockville, MD 20852-2743

James M. Hoffman
11921 Rockville Pike
Suite 300
Rockville, MD 20852

All creditors filing claims

United States Trustee

**End of Memorandum of Decision**